UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARTHA L. BEATTY,

        Plaintiff,

v.                                      Case No.  5:06-cv-203-Oc-10GRJ

LAKE COUNTY JAIL MEDICAL,

        Defendant.

_____

## ORDER OF DISMISSAL

Plaintiff, currently an inmate at Lowell Correctional Institution,  initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed as a pauper (Doc. 2).  The Complaint alleges that Plaintiff received inadequate medical care in September 2004 while she was incarcerated at the Lake County Jail.  Specifically, Plaintiff alleges that she was subject to "medical neglect" in violation of the Eighth Amendment because she became ill with a stomach infection while incarcerated at the jail and the medication that she was given to treat her illness caused some adverse side effects, including a rash, fever, blurred vision, and boils.  She alleges that she continues to suffer from adverse affects stemming from her illness at Lake County Jail.  For relief, Plaintiff seeks a medical evaluation of "all existing conditions caused by improper medication and treatment," and monetary compensation.

## Standard of Review

In an action with respect to prison conditions under § 1983, this Court shall on

its own motion dismiss any action if the Court is satisfied that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief.  42 U.S.C. § 1997e(c)(1). In making this determination, the Court will liberally construe a *pro se* Plaintiff's allegations.[1]

In a case brought under 42 U.S.C. § 1983 the Plaintiff must show that the conduct complained of:

> (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.[2]

In addition, the Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation.[3]

## The Eighth Amendment

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments."  "Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . . .  [S]uch deliberate indifference by a correctional system to the

---

[1] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[2] *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992); *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

[3] *Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment."[4]   However, in *Estelle v. Gamble*[5] the Supreme Court explained that:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

In this case, even if the Complaint is liberally construed Plaintiff has not stated an Eighth Amendment claim upon which relief can be granted.  It is apparent that Plaintiff was treated for her asserted medical condition, and she has alleged no facts showing that anyone at the Lake County Jail was deliberately indifferent to her needs.  Plaintiff conclusionally asserts that her medical treatment amounted to "neglect," but such assertions are insufficient to state a claim for a violation of the Eighth Amendment.[6]

## Conclusion

Because, even liberally construed, the Complaint fails to state a claim upon

---

[4] *Harris v. Thigpen*, 941 F.2d 1495, 1504-1505 (11th Cir. 1991) (citations omitted).

[5] 429 U.S. 97, 105-06 (1976).

[6] *See Estelle*, 429 U.S. at 105-06.

which relief may be granted pursuant to 42 U.S.C. § 1997e, this case is

**DISMISSED**.[7]  The clerk is directed to enter judgment dismissing this case for failure

to state a claim upon which relief can be granted and close the file.

     **IT IS SO ORDERED.**

     **DONE AND ORDERED** at Ocala, Florida, this 27th day of June 2006.


_____
UNITED STATES DISTRICT JUDGE


c: Martha L. Beatty

---

[7] Plaintiff states that she did not pursue any administrative remedies concerning her medical care because the Lake County Jail had "no grievance procedures."  Doc. 1 at 4. Pursuant to 42 U.S.C. § 1997e, the Court may dismiss a complaint that on its face fails to state a claim upon which relief can be granted without first requiring the exhaustion of administrative remedies.